# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MURATALLA-LUA, | 1:07-cv-01142-AWI-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | [Doc. 1] |
| Respondent. | |
| _____/ | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 6, 2007. Petitioner challenges a 1993 conviction from the Fresno County Superior Court. Petitioner contends that trial and appellate counsel rendered ineffective assistance.

A.    Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be

1

Dockets.Justia.com

1   pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

2   B.    Failure to Name Proper Respondent

3        A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state

4   officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules

5   Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.

6   California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having

7   custody of an incarcerated petitioner is the warden of the prison in which the petitioner is

8   incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v.

9   United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,

10  21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions

11  is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

12       In this case, petitioner names the People of the State of California as Respondent.

13  Although Petitioner is currently in the custody of the State of California, the State cannot be

14  considered the person having day-to-day control over Petitioner.

15       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

16  for lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326,

17  1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd

18  Cir. 1976).  The Court generally allows a Petitioner the opportunity to amend the petition to cure

19  this defect; however, in this case, because the petition suffers other fatal defects, amendment to

20  name a proper respondent would be futile.

21  C.    Exhaustion of State Court Remedies

22       A petitioner who is in state custody and wishes to collaterally challenge his conviction by

23  a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

24  The exhaustion doctrine is based on comity to the state court and gives the state court the initial

25  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

26  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

27  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

28       A petitioner can satisfy the exhaustion requirement by providing the highest state court

2

with a full and fair opportunity to consider each claim before presenting it to the federal court.

Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair

opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a

federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court

violated his due process rights "he must say so, not only in federal court but in state court."

Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is

insufficient to present the "substance" of such a federal claim to a state court. See Anderson v.

Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

that the "due process ramifications" of an argument might be "self-evident."); Gray v.

Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

must include reference to a specific federal constitutional guarantee, as well as a statement of the

facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising

a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States

Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
> of state remedies requires that petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the "'opportunity to pass upon and correct
> alleged violations of the prisoners' federal rights" (some internal quotation marks
> omitted). If state courts are to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
> are asserting claims under the United States Constitution. If a habeas petitioner
> wishes to claim that an evidentiary ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment, he must say so, not only
> in federal court, but in state court.

1    <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

2              Our rule is that a state prisoner has not "fairly presented" (and thus
         exhausted) his federal claims in state court *unless he specifically indicated to*
3        *that court that those claims were based on federal law*.  <u>See</u> <u>Shumway v. Payne</u>,
         223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
4        <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the*
         *claim explicit either by citing federal law or the decisions of federal courts, even*
5        *if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889
         (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the
6        underlying claim would be decided under state law on the same considerations
         that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>,
7        195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31
         (9th Cir. 1996); . . . .
8
              In <u>Johnson</u>, we explained that the petitioner must alert the state court to
9        the fact that the relevant claim is a federal one without regard to how similar the
         state and federal standards for reviewing the claim may be or how obvious the
10       violation of federal law is.

11   <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

12       In the instant petition, Petitioner completely fails to indicate whether he has exhausted the

13   state court remedies, the Court therefore presumes that exhaustion has not occurred.  As such, the

14   instant petition is subject to dismissal, without prejudice.

15   D.    <u>Statute of Limitations</u>

16       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

17   of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

18   corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059,

19   2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

20   S.Ct. 586 (1997).  The instant petition was filed on October 14, 2004, and thus, it is subject to the

21   provisions of the AEDPA.

22       The AEDPA imposes a one year period of limitation on petitioners seeking to file a

23   federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

24   subdivision (d) reads:

25       (1)  A 1-year period of limitation shall apply to an application for a writ of
     habeas corpus by a person in custody pursuant to the judgment of a State court.
26   The limitation period shall run from the latest of –

27           (A) the date on which the judgment became final by the conclusion of
     direct review or the expiration of the time for seeking such review;

28           (B) the date on which the impediment to filing an application created by

                                            4

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on December 14, 1993, and sentenced on January 11, 1994. (Petition, at 2.) Thus, Petitioner had one-year from the finality of direct review to file the instant petition. Although the Court is unaware of exactly when direct review concluded, as the instant petition was filed on August 6, 2007, nearly fourteen years after he was convicted, the statute of limitations expired well before the instant filing, and Petitioner provides no basis for the Court to determine otherwise. Accordingly, the instant petition is subject to dismissal, with prejudice, as time-barred under section 2244(d)(1).

<u>RECOMMENDATION</u>

Accordingly, it is HEREBY RECOMMENDED that:

1.  The instant petition be dismissed in its entirety; and

2.  The Clerk of Court be directed to enter judgment.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

1  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

2  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

3  Cir. 1991).

4  IT IS SO ORDERED.

5  **Dated:    August 16, 2007**                        _____/s/ Sandra M. Snyder_____
                                                         UNITED STATES MAGISTRATE JUDGE

6